UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BRANDII JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Cause No. 1:21-cv-00398-HAB-SLC |
| v. ) | |
| ) | |
| **WAL-MART STORES EAST, L.P.,** ) | |
| *doing business as* **WalMart SuperCenter,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

On September 14, 2021, Plaintiff via counsel filed this slip-and-fall case in Allen County Superior Court, and Defendant subsequently removed it to this Court based on diversity jurisdiction. (ECF 1, 3). Plaintiff, however, has repeatedly failed to respond to the Court's Orders or otherwise prosecute this case. Therefore, the undersigned Magistrate Judge *sua sponte* recommends that this case be dismissed as a sanction and for lack of prosecution. This Report and Recommendation is based on the following facts and principles of law.

*A. Factual and Procedural Background*

On November 29, 2021, the Court conducted a preliminary pretrial conference, setting a discovery deadline of July 15, 2022, and a dispositive motions deadline of August 15, 2022. (ECF 10, 11). These deadlines were subsequently extended to November 29, 2022, and December 14, 2022, respectively. (ECF 12-13, 16-19).

On October 25, 2022, Plaintiff's counsel filed a motion to withdraw, stating that communications between counsel and Plaintiff have "deteriorated to the point that the attorney client relationship is no longer feasible." (ECF 20). The Court a set a hearing on the motion for

November 1, 2022, at 10:00am and ordered Plaintiff, her counsel, and Defendant's counsel to appear telephonically. (ECF 21).

At the November 1, 2022, hearing, both counsel appeared, but Plaintiff failed to appear. (ECF 25). Consequently, the Court set a show-cause hearing and a hearing on the motion to withdraw for November 17, 2022, at 11:30am, ordering Plaintiff to appear telephonically. (*Id.*). A copy of the docket entry was mailed to Plaintiff at her last known address. (*Id.*). The Court also issued a Notice and Order, warning Plaintiff that if she failed to timely appear at the November 17, 2022, hearing, "additional sanctions may issue, up to and including monetary fines or dismissal of her lawsuit." (ECF 26). The Court sent the Notice and Order to Plaintiff's address of record and also ordered Plaintiff's counsel to send a copy of the Notice and Order to Plaintiff and notify her of the November 17, 2022, hearing via at least two modes of communication. (*Id.*).

At the November 17, 2022, hearing, both counsel appeared, but again Plaintiff failed to appear telephonically. (ECF 28). Plaintiff's counsel reported that he suspected Plaintiff may currently be incarcerated and that he would research her current whereabouts and report back to the Court. (*Id.*). The Court set a telephone status conference for November 29, 2022, at 3:00pm. (*Id.*).

At the November 29, 2022, status conference, both counsel appeared, but Plaintiff did not. (ECF 30). Plaintiff's counsel reported that he had had no contact with Plaintiff since the last hearing, and he submitted a copy of her criminal docket sheet from Rock County Court, Wisconsin, which indicates that a case was filed against Plaintiff in September 2022 on a disorderly conduct charge, and that she had failed to appear for a hearing there on October 27, 2022. (*Id.*). Given counsel's report, the Court set another show-cause hearing and status conference for December 20, 2022, at 11:00am, this time ordering Plaintiff to appear in person. (*Id.*).

2

At the December 20, 2022, hearing, both counsel appeared, but Plaintiff failed to appear. (ECF 31). Accordingly, the Court set yet another show-cause hearing and status conference for January 11, 2023, again ordering Plaintiff to appear in person. (*Id.*). Additionally, on December 27, 2022, the Court issued a Final Notice and Order, advising Plaintiff that the Court was affording her "**one last chance to show cause** why this case should not be dismissed as a sanction under Federal Rule of Civil Procedure 16(f)(1) for her repeated failures to appear and under Federal Rule of Civil Procedure 41(b) for lack of prosecution." (ECF 32 at 2). She was further "WARNED" in the Notice and Order that if she failed to timely appear at the January 11, 2023, hearing, the undersigned Magistrate Judge "will recommend to the District Judge that her lawsuit be DISMISSED as a sanction for her repeated failures to appear." (*Id.*). The Court sent the Notice and Order to Plaintiff's address of record and also ordered Plaintiff's counsel to send a copy of the Notice and Order to Plaintiff and notify her of the January 11, 2023, hearing via at least two modes of communication. (*Id.*).

At the January 11, 2023, hearing, both counsel appeared, but Plaintiff failed to appear. (ECF 33). Plaintiff's counsel advised that he had had no contact with Plaintiff. (*Id.*).

On February 3, 2023, the Court granted Plaintiff's counsel's motion to withdraw. (ECF 34).

### B. Legal Standard

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction. The "ultimate sanction" of dismissal "is reserved for cases in which the

offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (citations omitted).

### C. Analysis

Here, Plaintiff has failed to appear at four separate hearings, despite being explicitly ordered to do so. (*See* ECF 21, 25-26, 28, 30-33). This alone warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to appear at a pretrial conference] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a

4

determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . .").

Further, the undersigned Magistrate Judge finds that Plaintiff's repeated failures to appear when ordered is contumacious conduct warranting dismissal of this case pursuant to Rule 41(b) and the Court's "inherent power" to manage its own affairs "to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681; *see Alexander*, 321 F. App'x at 511 ("In three separate show-cause orders, the court formally warned the plaintiffs (through counsel) about the prospect of dismissal; the last of the orders elicited no response at all."); *Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Similarly, while the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the undersigned has explicitly warned Plaintiff twice in the Court's Notice and Orders dated November 1, 2022, and December 27, 2022, that she risked dismissal of her case if she failed to appear for court hearings. (ECF 26, 32); s*ee Am. United Life Ins. Co. v. Greer*, No. 2:13-CV-220 JVB, 2014 WL 6388613, at *2 (N.D. Ind. Nov. 14, 2014) ("In this case, 'due warning' was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings, and the Court finds that dismissal is warranted by

Defendant Bowman's failure to comply with the Orders to Show Cause or to otherwise participate in the proceedings . . . ."). Accordingly, the undersigned Magistrate Judge sees no need to further delay the dismissal of this action.[1]

### D. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that this case be DISMISSED pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Plaintiff's failure to attend two show-cause hearings or to otherwise prosecute her case.

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff at her last known address and to Defendant's counsel. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005) (unpublished); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 3rd day of February 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

---

[1] The Court acknowledges that if Plaintiff is no longer at her address of record, the two Notice and Orders were unlikely to reach her. However, she could have attempted to determine the status of this case by contacting her attorney, visiting the clerk's office (if she is not incarcerated), or by checking the online docket, in which case the Notice and Orders would have alerted her that she needed to take action before the harsh sanction of dismissal is imposed. Further, none of the Court's mailings to Plaintiff have been returned to the clerk as undeliverable, which indicates that she likely has received them.